**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | |
| | : | **Civil Action No.** |
| **RYAN O'NEAL JOSEPH, a/k/a** | : | **5:93-CR-22-HL** |
| **RYON O'NEAL JOSEPH,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

# ORDER

Before the Court are Defendant's Petition for Writ of Mandamus (Doc. 281), the Government's Motion to Dismiss (Doc. 283), Defendant's First Motion for Judgment on the Pleadings (Doc. 284), and Defendant's Second Motion for Judgment on the Pleadings (Doc. 285). For the following reasons, the Government's Motion to Dismiss is granted, and Defendant's Motions are denied.

## I.    FACTS

On March 12, 1993, Defendant and three coconspirators robbed the First Savings Bank in Sandersville, Georgia. On May 27, 1993, Defendant was charged in a superseding indictment for various offenses arising out of the bank robbery, including armed bank robbery, conspiracy, kidnaping during a bank robbery, possession of a firearm during a crime of violence, and possession of a stolen firearm. Defendant was convicted of these charges on October 20, 1993, and he

1

was sentenced on March 3, 1994, to serve a term of imprisonment of 270 months, which is to be followed by five (5) years of supervised release. Defendant appealed his conviction and the Eleventh Circuit affirmed.

On July 18, 2002, the Eleventh Circuit remanded (Doc. 226) the Defendant's case for re-sentencing after it determined that this Court committed reversible error in denying Defendant's 18 U.S.C. § 3582 Motion for Reduction of Sentence. This Court reconsidered Defendant's sentence as required by the Eleventh Circuit, and on November 13, 2003, this Court ordered that his original sentence as imposed remain the sentence of the Court. (Doc. 239). On September, 20, 2004, the Eleventh Circuit affirmed (Doc. 260) this Court's November 13th Order.

On August 8, 2005, Defendant filed a Motion for Relief from Judgment (Doc. 270) pursuant to Federal Rule of Civil Procedure 60(b). Defendant's Motion raised the same issues that had already been decided against him by both this Court and the Eleventh Circuit. On September 13, 2005, the United States Magistrate Judge issued his Report and Recommendation (Doc. 272), which recommended that Defendant's Motion be denied. Subsequently, Defendant moved to withdraw his Rule 60(b) Motion, and this Court granted Defendant's request for withdrawal on February 10, 2006.

Defendant then filed a Petition for Writ of Mandamus seeking to have the United States Probation Office for the Middle District of Georgia "correct" the Defendant's presentence investigation report ("PSR"). Defendant contends that the

Probation Office committed various errors in calculating Defendant's specific offense level under the Sentencing Guidelines. On March 13, 2006, the Government filed a Motion to Dismiss Defendant's Petition for Writ of Mandamus. Defendant subsequently filed two Motions for Judgment on the Pleadings (Docs. 284 & 285).

## II.    DISCUSSION

Defendant argues that his PSR should be "corrected" because it contains three improper sentencing enhancements. First, Defendant argues that the PSR contains an unconstitutional sentencing enhancement under U.S.S.G. § 2B3.1(b)(1) for taking property from a financial institution. Despite the fact that a jury convicted Defendant of armed bank robbery, he cites United States v. Booker, 543 U.S. 220 (2005), for the proposition that this sentencing enhancement is unconstitutional because the jury did not find that he took money from a financial institution. Defendant therefore requests that his sentence be modified without taking into account this "unconstitutional" enhancement. Defendant's argument on this point is without merit because Booker does not apply retroactively. Varela v. United States, 400 F.3d 864 (11th Cir. 2005).

Second, Defendant, again relying on Booker, argues that the PSR contains an unconstitutional sentencing enhancement under U.S.S.G. § 2B3.1(b)(7)(C) because the jury did not make a factual finding as to the amount of money stolen in the bank robbery. Again, Booker does not apply retroactively, and therefore, Defendant is not entitled to the relief requested.

Last, Defendant contends that he was improperly subject to double punishment because his PSR contains sentencing enhancements under U.S.S.G. § 2B3.1(b)(2)(A) for the discharge of a firearm during a robbery and U.S.S.G. § 2K2.4 for the use of a firearm in relation to a crime of violence. The Eleventh Circuit previously rejected this argument when Defendant raised it on direct appeal. <u>See</u> <u>United States v. Joseph, et al.</u>, No. 94-8279 (11th Cir. Nov. 24, 1995). As a result, this Court need not consider this argument again. <u>See</u> <u>United States v. Nyhuis</u>, 211 F.3d 1340 (11th Cir. 2000).

### III.   <u>CONCLUSION</u>

For the foregoing reasons, the Government's Motion to Dismiss is granted. Because this Order dismisses Defendant's Motion for Writ of Mandamus, Defendant's Motions for Judgment on the Pleadings are denied as moot.


**SO ORDERED**, this the 23rd day of April, 2008.


*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

dhc