# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

UNITED STATES OF AMERICA,            *

      PLAINTIFFS,            *

VS.            *            CASE NO. 5:93-CR-22 (HL)
                                   RULE 60(b)(4)

RYAN O'NEAL JOSEPH,            *

      DEFENDANT.            *

## REPORT AND RECOMMENDATION

      Defendant Joseph was charged by Superseding Indictment, returned in this court on May 27, 1993, with: Count I – Conspiracy to Commit Armed Bank Robbery in violation of 18 U.S.C. § 371 and 2113; Count II – Armed Bank Robbery in violation of 18 U.S.C. § 2113(a) and (d); Count III – Kidnaping During a Bank Robbery in violation of 18 U.S.C. § 2113(e); Count IV – Use of a Firearm During and In Relation To a Crime of Violence in violation of 18 U.S.C. § 924(c)(1); and, Count Five – Possession of a Stolen Firearm in violation of 18 U.S.C. § § 922(j) and 924(a)(2). (R-81). Joseph was found guilty at a jury trial on all five Counts of the Indictment on October 20, 1993. (R-99). The District Court sentenced Joseph on March 8, 1994, to a total term of 270 months imprisonment, which reflected concurrent terms of 60 months on Count I, 210 months on Count II, 210 months on Count III, 120 months on Count V, and a consecutive term of 60 months on Count IV. (R-122). Joseph appealed his sentence to the Eleventh Circuit Court of Appeals which affirmed the District Court on January 3, 1996. (R-134). Joseph sought a *writ of certiorari* which was denied by the United States Supreme Court on March 2, 1996. (R-138).

On March 28, 1997, Joseph filed his first Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 (R-143), which was denied on October 6, 1997. (R-160). A year later, on November 19, 1998, Defendant Joseph filed in this court a § 2241 Application for Writ of Habeas Corpus (R-166), which was dismissed on April 16, 1999. (R-168). Joseph attempted to appeal that decision and the Eleventh Circuit Court of Appeals dismissed his appeal as frivolous on November 16, 1999. (R-173). Defendant Joseph then sought leave of the Court of Appeals to file a second or successive § 2255 Motion to vacate, which was denied by that Court on March 7, 2000. (R-174). Nonetheless, Joseph filed a second and successive § 2255 Motion in this court on June 12, 2000 (R-175), which was denied on July 10, 2000. (R-178). Again Joseph filed a Notice of Appeal. However, he was denied Certificate of Appealability by the Eleventh Circuit Court of Appeals for failure to make a substantial showing of the denial of a constitutional right. (R-195). Joseph then filed a Motion To Modify Term of Imprisonment pursuant to 18 U.S.C. § 3582(c)(2) (R-197), which was denied on November 20, 2001. (R-216). He again appealed the District Court's judgment. On July 19, 2002, the Court of Appeals remanded the case to the District Court for reconsideration of its sentence pursuant to Amendment 599 to U.S.S.G. § 2K2.4 Commentary. (R- 226). After proper consideration of Amendment 599, the District Court exercised its discretion against reducing the sentence of Defendant Joseph. (R-239). Defendant Joseph appeal that decision. However, the Court of Appeals affirmed the District Court's decision in its Judgment issued on September 20, 2004. (R-260).

On August 8, 2005, Defendant Joseph filed a Motion For Relief From Judgment under Federal Rule of Civil Procedure 60(b), on a claim of double jeopardy. (R-270). Petitioner Joseph withdrew this Motion on February 10, 2006, and file a Motion for *Writ of Mandamus* on March 2, 2006, which was denied on April 23, 2008. On June 25, 2008, Joseph filed his present VERIFIED NOTICE REQUESTING DISMISSAL OF ABOVE RELATED CAUSE FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 60(b)(4). (R-291).

Rule 60(b), F.R.Cv.P., provides:

> On a motion and upon such terms as are just, the Court may relieve a party or party's legal representative from final judgment, order, or proceeding for the following reasons: . . . . (4) the judgment is void.

Petitioner Joseph alleges at page 5 of his pleading the following:

> There is only one issue this Court need to determine; whether this Court lacked subject-matter and/or in personam jurisdiction? . . . The district court's presumption that case/account No. #CR-93-22 MAC (DF/HL) is closed or no longer held in escrow as an alleged debt, which can be used by the court and/or "United States" for profit and gain under limited liability insurance is a rebuttal (sic) presumption.

He adds on page 7 of his pleading that:

> Secured Party has shifted the burden of proof by admitting a Verified Notice/Affidavit with Attachments, and a Affidavit of Specific Negative Averment into evidence in this instant cause, referencing the presumed related case #CR-93-22 MAC (DF/HL), stating that the Affiant denies that he signed any contract or other antecedents obligation that binds him to the Admiralty/Maritime nature of the jurisdiction of this court or any other. Secured Party did not knowingly convey any interest, right or title to his public vessel/property or himself to the United States of America, Inc.

Petitioner Joseph summarizes his claim in his "Closing" at page 13 of his pleading as follows:

> In all of the above and herein disclosed facts, it is axiomatic that United States of America, Inc., and/or its representative has proceeded in case No. CR-93-22 MAC (DF/HL) with "unclean hands" and in "bad faith" in the absence of subject-matter or in personam jurisdiction. Secured Party has properly rebutted the presumption in Case No. CR-93-22 MAC (DF/HL) by offering into evidence, a first in line, UCC [Uniform Commercial Code] 1 financing statement "Perfected Priority" secured interest, security agreement, common law copyright, all of which are Notarized/Apostilled by the Department of State, undisputedly disclosing Secured Party as ***Holder In Due Course*** of the claim/bond and the United States of America, Inc, never placed into evidence the true nature and cause of its complaint/indictment (proof of claim) and is without subject matter jurisdiction/in personam jurisdiction to assert any claim in the above related cause.

Petitioner Joseph enumerates the "Relief Sought" as follows:

> 1. Dismiss case no# CR-93-22 MAC(DF/HL) with prejudice for lack of subject-matter jurisdiction;
>
> 2. Vacate and Terminate Secured Party's conviction and sentence immediately since the court never had jurisdiction to convict and/or sentence Secured Party.

### Conclusion of Law

Petitioner Joseph is misusing Civil Rule 60(b) to circumvent proper application of 28 U.S.C. § 2255 for relief from his criminal conviction and sentence. "The general rule is well established, that collateral attack upon a sentence must be brought through § 2255 in the federal district court that sentenced petitioner." *Birdsell v. Alabama,* 834 F.2d 920, 922 (11th 1987). In *Boone v. Sec'y, Dept. Of Corr.,* 377 F.3d 1315, 1316, 1317 (11th Cir.

2004), the Court observed that:

> Pursuant to this Court's en banc decision in *Gonzalez v. Sec'y of Corr.,* the law surrounding Rule 60(b) motions has now been clarified. 366 F.3d 1253 (11th Cir. 2004). . . . Sitting en banc our Court found that the Supreme Court's recent decision in *Calderon*[1] clarified the viability, post-AEDPA, of Rule 60(b) motions in the context of federal habeas petitions. We held that the district courts do not have the jurisdiction to consider Rule 60(b) motions to consider the denial of a habeas petition unless the motion is a 60(b)(3) motion, that is, one made to prevent fraud upon the court.[2] We reasoned that, "because a petitioner's attempt to reopen a final habeas judgment pursuant to Rule 60(b) is to be treated as an application to file a second or successive petition, it ordinarily should be dismissed by the district court pursuant to § 2244(b)(4)."

The Court went on to say that if the Rule 60(b) motion, is not designed to prevent a fraud upon the court, but rather to re-open his habeas judgment, the court lacks subject matter jurisdiction over the motion. *Id.* at 1317. Likewise, the Court had ruled earlier in 2004, *Gonzalez v. Sec'y of Dept. Of Corr.,* 366 F.3d 1253, 1277 that:

> [I]f the grounds of relief stated in the Rule 60(b) motion satisfy the stringent requirements of § 2244(b)(1) & (2), the petitioner should put those grounds in a habeas petition and move under § 2244(b)(3)(A) for an order from the court of appeals authorizing the district court to consider it.

---

[1]*Calderon v. Thompson,* 523 U.S. 538, 118 S.CT. 1489 (1998).

[2]"'Fraud upon the court' . . . embraces only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Travelers Indem. Co. v. Gore,* 761 F.2d 1549, 1551 (11th Cir. 1985). *Zakrzewski v. McDonough,* 490 F.3d 1264, 1267 (11th Cir. 2007).

While Petitioner's pleadings are a mysterious mix of catch phrases from the Uniform Commercial Code and Maritime Law, it is clear that he is seeking to vacate or set-aside his conviction and/or sentence in his criminal case styled above. This court has no jurisdiction over this pleading or this case at this time, and may not exercise further jurisdiction until such time as authorized to do so by the United States Court of Appeals for the Eleventh Circuit. 28 U.S.C. § 2255(h).

**WHEREFORE, IT IS RECOMMENDED** the Petitioner's pleading be DISMISSED without prejudice to allow him opportunity to make application to the United States Court of Appeals for the Eleventh Circuit for authorization to proceed in this court with a successive Motion To Vacate, Set Aside, or Correct his Sentence. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 1st day of July 2008.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE